JAMES A. TURNER AND FANNIE L. TURNER, HIS WIFE, v. NORTH CAROLINA PUBLIC-SERVICE COMPANY ET ALS.

(Filed 24 November, 1915.)

**1. Municipal Corporations—Franchises—Public Utilities—Street Railways.**

A city or town may grant a charter under the general provisions of Revisal, sec. 2916 (6), to a corporation to build a street railway along certain of its streets for the purpose of transporting passengers and freight, upon reasonable terms, the words "public utilities" including within their meaning enterprises of this character.

**2. Same—Injunction—Work Completed—Action at Law—Damages—Allegations.**

Where an order restraining the building of a street railway has been refused and the work completed, the Supreme Court, on appeal, will not uselessly enjoin its completion, or the running of a few cars thereon, but will leave the plaintiff his action for damages to be ascertained at the final hearing, in the absence of allegation of irreparable or serious injury.

APPEAL by plaintiffs from *Lyon, J.,* at chambers, 12 April, 1915; from GUILFORD.

Civil action, heard upon a motion to continue a restraining order theretofore issued until the final hearing. His Honor dissolved the restraining order and the plaintiffs appealed.

*W. P. Ragan, King & Kimball, William P. Bynum for plaintiffs.*
*Roberson, Barnhart & Smith, Peacock & Dalton, and Brooks, Sapp & Williams for defendant.*

BROWN, J. The plaintiffs seek to enjoin the defendants from constructing and operating a railroad along Russell and other streets in the city of High Point, and also to restrain the defendants from moving freight cars over the said track.

The facts disclosed by the record appear to be that the defendant the city of High Point, on motion of this plaintiff, a member of the board of aldermen, by a unanimous vote, granted a franchise to one Van Brunt and associates to build a street railway in said city for the purpose of transporting passengers and freight by electricity, the location and construction of the said railway to be subject to the general supervision of the city. The public was protected by special provisions, limitations and conditions unnecessary to set out.

The said Van Brunt and his associates, not having performed all the conditions required, on 9 February, 1909, the board of aldermen granted the same franchise to John Leddy and others, who had purchased from the said Van Brunt and others all their rights therein. This franchise was duly assigned to the defendant, the North Carolina Public-Service Company, which has built and put in operation several miles of said railway in said city in accordance with the conditions, limitations and restrictions of the said franchise. In 1911 the board of aldermen, or city council, as the authorities are now designated in the new charter of said city, agreed that the public-service company might build certain additional lines of street railway within the city limits.

The defendant, the Carolina and Yadkin River Railway Company, has entered into a contract with the public-service company whereby certain freight cars, not more than two at a time, are to be pulled by the motive power of the public-service company so as to reach a number of industrial plants located in the city. By this method a large num-

ber of drays, wagons, motor trucks and other heavy vehicles, necessary under former conditions to transport the large local shipments within the city, has been largely reduced.

It is contended that the city of High Point had no power to grant the franchise complained of to the public-service company. It is not claimed that the charter of the city, at the time the franchise was granted, authorized it, but it is contended that the authority is given by section 2916 of the Revisal, subsection 6, which reads as follows:

"A city or town is authorized to grant upon reasonable terms franchises for public utilities, such grants not to exceed a period of sixty years, unless renewed at the end of the period granted."

We think this contention is well founded. The words "public utilities" as used in the act are evidently intended to embrace such corporations as the public-service company. It is not a private corporation exclusively. It is affected with a public use and is under the control of the State. The term "public utilities" in an extended sense includes a great many matters of general welfare to the State and its communities. Within its well-established meaning, the term includes railways, both steam and street, whatever may be the motive power. It includes telegraph and telephones, waterworks and gasworks, electric lighting plants, as well as street railways. 3 Dillon, sec. 1290; 4 Words and Phrases, p. 35. A company which carries for the public all kinds of express matter between a city and suburban points is held to be engaged in the public service and is a public utility and not strictly a private business. *Dulaney v. Railways,* 104 Md., 423.

It is contended by the plaintiff that the construction of this track, or the running of freight cars upon it, is additional servitude for which as an abutting property owner he is entitled to additional compensation. This question is discussed by the Supreme Court of Maine in *Taylor v. R. R.,* 91 Me., 193, but we will not consider it upon this appeal. The injunction has been dissolved, and it appears that since its dissolution the laying of the track on Russell Street, on which the plaintiff resides, has been completed, as well as many of the other connections. It would be futile now to grant an injunction against the construction of a railroad which has already been constructed under the authority of the city; or to enjoin the movement of a few freight cars over it. There is no allegation of irreparable damage or that the plaintiffs are suffering serious injury by the operation of these cars. In the absence of anything of that sort, the court will not enjoin public enterprises and improvements which make, in the opinion of its authorities, for the welfare of the community. If the plaintiffs are entitled to any damages or any relief they will have an opportunity to assert their claims when the case is tried on the final hearing.

Affirmed.